# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

CONOLLY GALLAGHER, LLP )
)
    Plaintiff, )
)
      v. )
)     CPU4-20-003274
FRED EARL REYNOLDS, III )
)
    Defendant. )

Submitted: May 19, 2023
Decided: August 7, 2023

Josiah R. Wolcott, Esq.
1201 North Market Street, Suite 2000
Wilmington, DE, 19801
*Attorney for Plaintiff*

Fred Earl Reynolds, III
5034 Overlook Road NW
Washington, D.C. 20016
*Self-represented Defendant*

## ORDER AWARDING DAMAGES

**Surles, J.**

This case stems from an agreement between the parties (the "Fee Agreement"), whereby Plaintiff Connolly Gallagher, LLP ("Connolly Gallagher") agreed to represent Defendant Fred Early Reynolds, III ("Mr. Reynolds") in litigation against Mr. Reynolds' former employer in the United States District Court for the District of Delaware (the "Employment Case"). In exchange, Mr. Reynolds agreed to render payments to Connolly Gallagher for its legal representation, charged at the rates set forth in the Fee Agreement.

On November 11, 2020, Connolly Gallagher initiated this breach of contract action against Mr. Reynolds to recover unpaid legal fees incurred under the Fee Agreement, totaling $30,426.08. On July 20, 2021, this Court granted Connolly Gallagher's motion for summary judgment on the issue of liability alone, as there existed genuine issues of material fact as to damages. The parties engaged in mediation on the issue of damages, but without success; so, the matter was scheduled for an inquisition hearing for the Court to determine damages.[1]

The inquisition hearing was held on May 19, 2023, during which the Court heard testimony from four witnesses, and received exhibits into evidence.[2] At the

---

[1] *See* CCP Civ. R. 56(d).
[2] Mr. Reynolds testified on his own behalf. The Court also heard testimony from three witnesses on behalf of Connolly Gallagher, all of whom were employees of Connolly Gallagher: Christina Phillips, Timothy Holly, Esq., and Lauren DeLuca, Esq. Connolly Gallagher submitted nine exhibits into evidence.

conclusion of the hearing, the Court reserved decision. This is the Court's Final Decision and Order on the issue of damages.

## FACTUAL BACKGROUND

Based on the testimony and evidence adduced at the inquisition hearing, the Court finds the following relevant facts:

On June 20, 2019, Mr. Reynolds executed the Fee Agreement, pursuant to which Connolly Gallagher agreed to represent him in the Employment Case, for which they would charge a specified hourly rate.[3] Prior to the execution of the Fee Agreement, Connolly Gallagher had represented Mr. Reynolds in a pre-litigation capacity and, as of the date of the Fee Agreement, Mr. Reynolds had an existing balance due and owing.[4]

Mr. Reynolds' legal claim in the Employment Case was far from unassailable. From the outset, the parties acknowledged a statute of limitations issue, but Connolly Gallagher developed a legal strategy to potentially overcome that hurdle. As part of the legal strategy, Connolly Gallagher amended the complaint to focus on a different cause of action. However, before doing so, Connolly Gallagher advised that opposing counsel would likely challenge the effort, and it explicitly cautioned that

---

[3]     Pl. Ex. 9.
[4]     *Id.*; Pl. Ex. 2.

3

success was not guaranteed.[5]  Nevertheless, Mr. Reynolds elected to proceed with litigation.

During the litigation, Connolly Gallagher diligently communicated with Mr. Reynolds regarding the litigation expenses.[6]  Connolly Gallagher consulted with Mr. Reynolds before taking certain actions, affording consideration to costs,[7] and invoices reflecting fees incurred were submitted to Mr. Reynolds each month for payment.[8]  As time progressed, so did the communications from Connolly Gallagher regarding the mounting balance of unpaid legal fees.[9]

Despite the apparent transparency regarding litigation expenses, Mr. Reynolds failed to remit payment in full.  Finally, after numerous communications relating to his ongoing non-payment,[10] Connolly Gallagher moved to withdraw as counsel.  While the motion to withdraw was pending, Connolly Gallagher—which had continued to discuss the case with Mr. Reynolds regardless of his non-payment—sent Mr. Reynolds an e-mail, apprising him of the legal landscape and upcoming deadlines, as he would have to proceed pro se or with alternate counsel.[11]

---

[5]  *See* Pl. Ex. 2; Pl. Ex. 7.  As anticipated, opposing counsel challenged the cause of action set forth in the amended complaint by filing a motion for judgment on the pleadings.

[6]  *See* Pl. Ex. 1-8.

[7]  For example, Connolly Gallagher suggested Mr. Reynolds work one of the firm's highly recommended associates in the early phases of the litigation as it would "help keep costs under control," and noted financial impact of discovery strategies.  Pl. Ex. 2 at p. 3; Pl. Ex. 8 at p. 5.

[8]  Pl. Ex. 1.

[9]  *See* Pl. Ex. 3-6.

[10]  *See* Pl. Exs. 2-6.

[11]  Pl. Ex. 6.

In response, Mr. Reynolds asked Connolly Gallagher for a referral and thanked the attorneys for "actively producing ways to increase the chances for success for [the] case."[12] Mr. Reynolds also noted that he would "continue to make payments to satisfy the balance."[13] However, that did not occur. Consequently, Connolly Gallagher filed the present suit to recover the unpaid legal fees.

## PARTIES' POSITIONS

Connolly Gallagher argues that the fees charged to Mr. Reynolds were reasonable based on its experience, the complexity of the case, and relative to the rates of other law firms in the community. Consistent with the invoices admitted into evidence at the damages hearing, Connolly Gallagher requests damages for the legal work it performed under the Fee Agreement, totaling $30,426.08.[14]

Mr. Reynolds' argument is less delineated; the precise basis and extent to which he challenges the legal fees was not clearly presented. He did not claim that the hours charged were artificially inflated or disproportionate to the work performed. He did not introduce evidence to contest the reasonableness of the rate agreed upon,[15] nor did he impute bad faith or wrongdoing in Connolly Gallagher's

---

[12] *Id*.

[13] *Id*.

[14] Pl. Ex. 2.

[15] Mr. Reynolds insinuated that, in advance of the damages hearing, he consulted with other legal professionals regarding the strength of the Employment Action and the decision to move forward. However, he failed to call any witnesses to testify to those communications and, on objection from counsel for Connolly Gallagher, such testimony was excluded as hearsay.

general legal strategy. Rather, he seemed to suggest that he should not be required to pay fees incurred from work performed in the Employment Action beyond the filing of the amended complaint given the "statute of limitations issue."

## DISCUSSION

The sole focus of an inquisition hearing is "the amount of damages owed to the plaintiff, which is determined by the … judge."[16] The Court's finding on damages must be based on a preponderance of the evidence, meaning "the side on which the greater weight of the evidence is found.[17]

The only issue before the Court is the amount of damages owed to Connolly Gallagher for Mr. Reynolds breach of the Fee Agreement. Yet the argument asserted by Mr. Reynolds at the inquisition hearing—that he should be relieved of any obligation to pay fees incurred after the filing of the amended complaint—goes to liability, not the calculation of damages. The Court previously found Mr. Reynolds liable for breach of contract and entered judgment in favor of Connolly Gallagher; thus, Mr. Reynolds' argument is moot.

In contrast, Connolly Gallagher presented cogent evidence as to the damages it incurred as a result of Mr. Reynolds' breach of the Fee Agreement. It offered unrefuted testimony regarding the fees accrued in its representation of Mr. Reynolds.

---

[16] *Jagger v. Schiavello*, 93 A.3d 656, 659 (Del. Super. Ct. 2014).
[17] *Id*.

That testimony was supported by documentary evidence, including invoices depicting the hours worked on Mr. Reynolds' case.[18] The Court finds that Connolly Gallagher has proven, by a preponderance of the evidence, that it suffered damages in the amount of $30,426.08.

## **CONCLUSION**

For the reasons set forth above, the Court finds damages in the amount of $30,426.80 owed to Connolly Gallagher by Mr. Reynolds, plus pre and post-judgment interest at a rate of 10.5% until satisfied.[19]

Robert H. Surles,
Judge

---

[18]  Pl. Ex. 1.
[19]  6 *Del. C.* § 2301.

7